UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR ASHANTI JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 23-cv-4227 |
| ) | |
| MATTHEW PERRY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files suit under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Hill Correctional Center ("Hill"). The case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 10). In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff alleges Defendants Matthew Perry and "Kroger" Kling, correctional officers at Hill, retaliated against him for filings grievances about Defendant Perry's conduct in April 2023. Specifically, Plaintiff alleges Defendant Perry wrote a false disciplinary report claiming Plaintiff threatened to "beat" him. (Doc. 10 at p. 7). After Plaintiff was found guilty, Defendant Perry

1

bragged to another inmate that he wrote the disciplinary report because Plaintiff filed a grievance about him. Plaintiff also alleges Defendant Kling retaliated against him by writing a false incident report claiming that Plaintiff made disparaging remarks about the Local Union. Plaintiff alleges this placed him in jeopardy of hostility from the security staff at Hill, who were members of the Local Union.

## ANALYSIS

Prisoners have a protected First Amendment right to file grievances. *Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009). A prisoner may not be disciplined for filing a grievance, as "[a]n act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To establish First Amendment retaliation, Plaintiff must successfully allege that (1) his speech was constitutionally protected, (2) he suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [defendant's] action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Based on his allegations, the Court finds that Plaintiff has stated a First Amendment retaliation claim against Defendants Perry and Kling.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a First Amendment retaliation claim against Defendants Perry and Kling. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an

appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

4) Defendants have 60 days from service to file an answer. If Defendants have not filed answers or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants are hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 3/22/2024

                                                    s/ Michael M. Mihm
                                                  Michael M. Mihm
                                                  United States District Judge